UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Annabel, II,

           Plaintiff,        Case No. 20-cv-11114

v.                                 Judith E. Levy
                                 United States District Judge

Sherman Campbell, *et al.*,

                                 Mag. Judge David R. Grand

           Defendants.

_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [44]**

On January 4, 2022, Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") (ECF No. 44) recommending the Court grant in part and deny in part the motion for partial summary judgment for failure to exhaust administrative remedies filed by Defendants Sherman Campbell, David Messer, Christina Bates, Stacey Ream, Brian Evers, Richard Russell, Mark Houser, Arthur Thomas, and Heidi Washington. (ECF No. 36.) The R&R concludes that "Defendants are entitled to summary judgment on the basis of exhaustion on all but [Plaintiff Robert] Annabel[, II]'s First Amendment free exercise and

RLUIPA [Religious Land Use and Institutionalized Persons Act] claims, and his claim of a retaliatory misconduct ticket against Ream." (ECF No. 44, PageID.356.) The R&R recommends dismissing Plaintiff's First Amendment free speech claim; his Eighth Amendment, Fourteenth Amendment, and ADA claims; and his First Amendment retaliation claim against the Defendants other than Ream. (*Id.* at PageID.366–367.)

On January 13, 2022, Plaintiff filed five timely objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). (ECF No. 45.) In his objections, Plaintiff states that he wishes to pursue his "Free Exercise, RLUIPA, and retaliation claims" and that he wants to abandon his "ADA, 14th Amendment due process, Eight [sic] Amendment, and all State law claims." (*Id.* at PageID.387.) Because the R&R ruled in his favor for the Free Exercise and RLUIPA claims, only the retaliation claim is in dispute. Plaintiff's first objection appears to address Defendants' argument in their motion for partial summary judgment that Plaintiff failed to exhaust his administrative remedies. (*Id.* at PageID.376–377.) In his second objection, Plaintiff argues that he should not have to comply with the Prison Litigation Reform Act's ("PLRA") exhaustion

2

requirement when prison officials tell him that a particular issue is non-grievable. (*Id.* at PageID.377–379.) In his third objection, Plaintiff argues that he properly exhausted his claims even though he did not name all Defendants at Step I of the grievance process. (*Id.* at PageID.380–383.) The subject of Plaintiff's fourth objection is unclear, but he appears to argue that his failure to exhaust is not relevant to the merits of his retaliation claim. (*Id.* at PageID.383–386.) In his fifth objection, Plaintiff argues that all Defendants were "personally involved" in violating his rights. (*Id.* at PageID.386–387.) Defendants responded to these objections. (ECF No. 46.)

For the reasons set forth below, Plaintiff's objections (ECF No. 45) are overruled, and the R&R (ECF No. 44) is adopted. Accordingly, Defendants' motion for partial summary judgment for failure to exhaust administrative remedies (ECF No. 36) is granted in part and denied in part.

**I.   Background**

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (*See* ECF No. 44, PageID.347–352.)

3

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that

objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. Because Plaintiff is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III.   Analysis

#### A. Objection 1

Plaintiff's first objection appears to address Defendants' argument in their motion for partial summary judgment that Plaintiff failed to exhaust his administrative remedies. Specifically, Plaintiff argues that Defendants "waive their defense of failure [to] exhaust" because they changed their reason for rejecting his grievance. (ECF No. 45, PageID.377.) Defendants state in their response to the objections that Plaintiff's "first two objections address [Defendants'] arguments that [grievances] ARF-2470 and ARF-2531 failed to exhaust administrative remedies—an issue which the R&R recommends the Court find in

5

Annabel's favor—so . . . Defendants will not address them." (ECF No. 46, PageID.391.)

The Court agrees with Defendants that Plaintiff's first objection relates to Defendants' arguments about exhaustion in their motion for partial summary judgment. Plaintiff's objection does not appear to respond to the R&R. This court recently stated that

> [w]hen a party properly objects to portions of a magistrate judge's report and recommendation, the Court reviews such portions *de novo*. *See* Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error in the report are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections—or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error— have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*). Similarly invalid are objections "that merely reiterate[ ] arguments previously presented, [without] identify[ing] alleged errors on the part of the magistrate judge." *See id.*

*McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, at *1 (E.D. Mich. Mar. 10, 2022) (alterations in original); *see Miller*, 50 F.3d at 380 ("In *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505,

508–09 (6th Cir. 1991), we held that a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed."). Plaintiff's first objection is invalid because it does not identify a source of error in the R&R. Accordingly, Plaintiff's first objection is overruled.

### B. Objection 2

In his second objection, Plaintiff argues that he should not have to comply with the PLRA's exhaustion requirement when prison officials prevent him from doing so or tell him that a particular claim is a "non-grievable issue." (ECF No. 45, PageID.378.) Plaintiff argues that

> [f]or the Federal court to tell a prisoner that he was required to exhaust his administrative remedies by filing a grievance or grievance appeal for an issue that prison officials told him in their own writing is a "non-grievable issue" is an absurd judicial expectation contrary even to the Congressional and Judicial concepts of the PLRA which penalizes prisoners for filing claims that a [sic] frivo;lous [sic] or fail to state a claim upon which relief could be granted or for lack of jurisdiction. [E]ssentially what the court is telling Plaintiff is, that in order to exhaust, he must intentionally abuse the grievance procedure by filing grievances and appeals that prison officials have expressly told him are a "non-grievable issue." And if Plaintiff were to comply with this judicially absurd expectation, like the PLRA "three strikes provision, MDOC Policy would also penalize him with Modified Grievance access and its practice to restrict his ability to continue

7

accessing the grievance procedure at all until the Modified Access period expires after a minimum of three months.

(*Id.* at PageID.378–379.) Defendants do not address this objection in their response to Plaintiff's objections because they state that the objection pertains to "an issue which the R&R recommends the Court find in Annabel's favor." (ECF No. 46, PageID.391.)

Although Plaintiff objects to the grievance process in general, he does not clearly identify an error in the R&R. Further, the Court agrees with Defendants that Plaintiff's objection appears to relate to an issue that the R&R resolved in his favor. Objections must go to "factual and legal" issues "at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147. Plaintiff's objection does not go to a factual or legal issue in dispute. Accordingly, Plaintiff's second objection is overruled as invalid.

### C. Objection 3

In his third objection, Plaintiff claims that he "properly exhausted his administrative remedies" even though he did not name all Defendants at Step I of his grievance. (ECF No. 45, PageID.380.) Plaintiff argues that

> the MDOC grievance policy's name-all-defendants requirement is vague. In fact, it says nothing about the requirement only being satisfied if all involved prison

8

> employees are named by the prisoner at Step I. Policy **does not** tell the prisoners that they **cannot** name a defendant later at Step II or Step III before full conclusion of a particular grievance.
>
> Moreover, Plaintiff clearly explained to this court in his claim and in response to defendant's motion for summary judgment that he took affirmative efforts to discover which employees were involved . . . and was told he only needed to grieve the Classification Director Bates who was involved in issuing work assignments. He was misled to the identity of other defendants until after he had filed his Step I grievance. In fact, some of the defendants were not involved until **after** the Step I grievance had been filed.
>
> * * *
>
> But Defendant[s] have a fatal flaw in the failure to exhaust defense when asserting that Plaintiff failed to name them all in his Step I grievance rather than in the later appeals: Defendants waived the argument by not asserting any such irregularity in any of their responses to his grievance and its appeal.

(*Id.* at PageID.381–383 (emphasis in original).) Plaintiff also argues that

> when prison policy has a name-all-defendants requirement, a prisoner may be excused for failing to identify a particular defendant by name where it should be obvious to prison officials which employees were involved in the issue being grieved. *Dearduff v. Washington*, 330 F.R.D. 452, 470 (E.D. Mich. 2019).

* * *

9

> [A]s held in *Dearduff, supra*, it would have been obvious to the MDOC from Plaintiff's facts stated in his grievance and appeals which employees had been involved or when they did become involved in the ongoing issue even if Plaintiff did not yet know the names of all those involved. MDOC had its fair chance to remedy the grieved issue according to the intent of the PLRA.

(*Id.* at PageID.381, 383.)

Defendants respond that

> [o]bjection 3 appears to be directed at the R&R's recommendation that Annabel failed to exhaust his remaining retaliation claims because he did not name the defendants at Step I of a grievance. (ECF No. 44, PageID.366–367.) As the R&R explained, the relevant policy requires that Annabel name the individuals being grieved at Step I, and Annabel needed to have named these individuals once he learned of their identities. (*Id.*) If, as Annabel contests, some of the defendants were not involved until after the Step I of a grievance, then Annabel needed to have filed separate grievances concerning their actions. (ECF No. 45, PageID.382.) Annabel's failure to do so means that he did not exhaust available remedies against them. The Court should therefore overrule this objection.

(ECF No. 46, PageID.392–393.)

In his objection, Plaintiff does not identify an error in the R&R's interpretation of the grievance policy. The R&R properly notes that the grievance policy requires that the grievant include the "names of all those

10

involved in the issue being grieved" for a "Step I Grievance." (ECF No. 44, PageID.366; ECF No. 36-2, PageID.210.) Although, as Plaintiff argues, the policy does not explicitly prohibit naming additional individuals at Step II or III of the grievance process, this prohibition is implied by the requirement that "all those involved in the issue being grieved" be named at Step I. In addition, Plaintiff's argument that it would have been obvious to MDOC which Defendants were involved appears to object to either MDOC's behavior or the grievance policy itself, not the reasoning in the R&R. Finally, Plaintiff's assertion that Defendants waived their argument regarding the failure to exhaust is a restatement of Plaintiff's argument in his first objection and has already been addressed. Thus, Plaintiff's third objection is denied.

### D. Objection 4

Plaintiff's fourth objection is difficult to understand. He states that

> courts must not confuse the question of defendants' liability on the merits with the 'separate and distinct' question whether Plaintiff has exhausted administrative remedies.
> \* \* \*
> The MDOC policy and actual practice is that all issues related to the prisoner misconduct process (retaliatory tickets, sergeant review of tickets, hearing investigation, hearing, sanctions issued by a hearing officer, appeal, ect. [sic]) are non-grievable issues. However, Plaintiff was required to use

11

the appeal process, which is limited to issues involving a hearing officer's decisions only, and Plaintiff did pursue the misconduct hearing and appeal process as the only remedies available to him.

Moreover, Defendant Ream violated Plaintiff's First Amendment rights by retaliating for the first lawsuit against her upon his free speech complaining and announcing to her alone: "You are a very corrupt defendant." She issued an insolence ticket in revenge and to deter him from future misconduct. Plaintiff's complaint also alleged that it was followed by Sergeant Houser and Assistant deputy Warden Evers also made credible threat to further retaliate if Plaintiff continued to file any more grievances or lawsuit in that particular matter.

The Report and Recommendation (PgId No. 367) commits a red herring and Strawman fallacy when addressing whether the threats excuse Plaintiff's failure to continue writing and naming such defendants in a grievance. In deed [sic], the easy conclusion this strawman offers is an utter red herring. Just because MDOC policy says that employees are prohibited from retaliating against prisoners for writing grievances proves absolutely nothing relevant at all. It does not prove that all MDOC employees refrain from retaliating just because policy says so, neither that any of these particular defendants would have refrained from retaliating against plaintiff if he defied their orders by filing additional grievances naming each of them. However, Plaintiffs [sic] declarations that Defendant Ream and other defendants had already retaliated in the matter, and that Plaintiff's complaint and declarations describe to the court the threats defendants made if he continued to complain or file lawsuits,

12

create a genuine issue of material fact whether defendants used affirmative misconduct to deter Plaintiff.

(ECF No. 45, PageID.384–386.)

Defendants respond to this objection as follows:

Although objection 4 references PageID.367 of the R&R, it is not clear the subject of Annabel's objection. To the extent that Annabel is contesting that he is excused from filing grievances naming certain individuals, the R&R addressed his arguments in PageID.366–367. If Annabel is contesting that he did not need to file grievances regarding the misconduct policy because the subject matter of his grievance is not grievable, the R&R explains how the different aspects of his claims contesting the application of the misconduct policy were grievable in PageID.367–372. Annabel does not explain how the R&R erred in its analysis. The Court should therefore overrule this objection.

(ECF No. 46, PageID.393.)

The Court agrees with Defendants that Plaintiff's objection is unclear. Although his objection references a specific page number of the R&R, it is not clear what part of the R&R's analysis he objects to. His objection appears to relate to his retaliation claim, but he does not specify how the R&R erred other than to say it "commits a red herring and Strawman fallacy." Objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*,

13

50 F.3d at 380. Plaintiff's objection lacks the clarity necessary for the Court to identify and review any dispositive issues that are in dispute. Accordingly, Plaintiff's fourth objection is overruled as invalid.

### E. Objection 5

Plaintiff's fifth objection is also difficult to decipher. Plaintiff argues in this objection that all Defendants were "personally involved" in violating his rights. (ECF No. 45, PageID.386.) Plaintiff argues that any Defendants who were "not involved in the initial violation when Plaintiff filed his Step I grievance" became "personally involve[d]" through their actions and "decrees" in the grievance process. (*Id.* at PageID.387.) Plaintiff presents a hypothetical about a prison doctor cutting off his hands "for no medical reason at all." (*Id.*) Plaintiff states that if the doctor cuts off one hand and Plaintiff then "writes a grievance to save the remaining hand" that is denied by "grievance responder[s]" (resulting in the doctor cutting off his second hand), the "grievance respondents" are not "immune for their participation in causing the prisoner to lose his second hand by . . . authorizing the doctor to cut off the second hand." (*Id.* at PageID.386–387.) The argument in Plaintiff's fifth objection possibly

14

repeats the argument in Plaintiff's third objection that he should not have to name all Defendants at Step I of the grievance process.

Plaintiff's fifth objection is unclear and does not challenge a specific portion of the R&R. In addition, Plaintiff's objection appears to restate the argument Plaintiff asserts in his third objection, which the Court rejected above. Accordingly, Plaintiff's fifth objection is invalid and is overruled.

## IV. Conclusion

For the reasons set forth above, the Court ADOPTS the R&R. (ECF No. 44.) Defendants' motion for partial summary judgment on the basis of exhaustion (ECF No. 36) is GRANTED IN PART AND DENIED IN PART. Accordingly, Plaintiff's remaining claims include only his First Amendment free exercise and RLUIPA claims, as well as his retaliation claim against Ream.

IT IS SO ORDERED.

Dated: September 29, 2022  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
                                    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2022.

s/Erica Parkin for
WILLIAM BARKHOLZ
Case Manager
