UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Annabel, II,

                Plaintiff,        Case No. 20-cv-11114

v.                                Judith E. Levy
                                    United States District Judge

Sherman Campbell, *et al.*,

                                    Mag. Judge David R. Grand

                Defendants.

_____/

**ORDER DENYING PLAINTIFF'S RULE 60(b)(6) MOTION FOR RELIEF FROM JUDGMENT [51]**

Before the Court is *pro se* Plaintiff Robert Annabel, II's "motion for relief of judgment" under Federal Rule of Civil Procedure 60(b)(6). (ECF No. 51.) For the reasons set forth below, Plaintiff's motion is DENIED.

I.    Background

On July 13, 2021, Defendants Sherman Campbell, David Messer, Christina Bates, Stacey Ream, Brian Evers, Richard Russell, Mark Houser, Arthur Thomas, and Heidi Washington filed a motion for partial summary judgment on the basis of exhaustion. (ECF No. 36.) Magistrate Judge David R. Grand issued a Report and Recommendation (R&R) that

recommended granting in part and denying in part Defendants' motion. (ECF No. 44, PageID.373.) On September 29, 2022, the Court adopted the R&R. (ECF No. 48.) Plaintiff's "First Amendment free exercise and RLUIPA [Religious Land Use and Institutionalized Persons Act] claims, and his claim of a retaliatory misconduct ticket against Ream" are now the only remaining claims in the case. (ECF No. 44, PageID.374.)

On October 14, 2022, Plaintiff filed a motion under Federal Rule of Civil Procedure 60(b)(6) for relief from judgment. (ECF No. 51.) Plaintiff's motion states that

> [t]his Court allowed the free speech/retaliation claim against Defendant Ream but provided no explanation why that same claim was dismissed as to Defendants Houser, Thomas, and Campbell. This is the only issue for which Plaintiff now files this Rule 60(b) motion for relief of judgment.
>
> * * *
>
> It is unclear why this Court's Order (ECF No. 48) allowed the free speech/retaliation claim against Defendant Ream to proceed, but dismissed the same claim against Defendants Houser, Thomas, and Campbell for supposed failure of Plaintiff to exhaust administrative remedies for that same non-grievable issue. Plaintiff was only required to appeal the misconduct decisions, not file a grievance.

(*Id.* at PageID.423–424.)

2

Rule 60(b)(6) applies to final judgments. Because a final judgment has not been entered in this case, the Court construes Plaintiff's motion as a motion for reconsideration of a non-final order under Local Rule 7.1(h)(2), in deference to Plaintiff's *pro se* status.

## II. Legal Standard

"A party may move for reconsideration of a non-final order under Local Rule 7.1(h)(2)." *Burn Hookah Bar, Inc. v. City of Southfield*, No. 2:19-cv-11413, 2022 WL 730634, at *1 (E.D. Mich. Mar. 10, 2022). That rule provides:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought *only* upon the following grounds:
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B) An intervening change in controlling law warrants a different outcome; or
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). "A motion for reconsideration is 'not an opportunity to re-argue a case' and/or 'to raise [new] arguments which could, and should, have been made' earlier." *Bills v. Klee*, No. 15-cv-

3

11414, 2022 WL 447060, at *1 (E.D. Mich. Feb. 14, 2022) (alteration in original) (quoting *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

### III. Analysis

In his motion, Plaintiff does not argue that there is "[a]n intervening change in controlling law" or "[n]ew facts that would warrant a different outcome" such that he is entitled to relief under Local Rule 7.1(h)(2)(B) or (h)(2)(C). He states that the Court "provided no explanation why [the free speech/retaliation] claim was dismissed as to Defendants Houser, Thomas, and Campbell" but not dismissed as to Ream. (ECF No. 51, PageID.423.) This argument appears to fall under Local Rule 7.1(h)(2)(A). However, Plaintiff does not show that the Court made a mistake in its order adopting the R&R.

Plaintiff's argument fails as to his free speech claim because that claim was brought only against Defendant Washington and not Ream, Houser, Thomas, or Campbell. Plaintiff's argument about his retaliation claim also lacks merit. In its order, the Court did not need to consider Plaintiff's retaliation claim against Ream because Defendants conceded in their motion for partial summary judgment that Plaintiff properly

4

exhausted this claim. (ECF No. 36, PageID.198–199 ("MDOC Defendants will concede that Annabel exhausted claims arising out of the Annabel's [sic] claim that Ream issued him a retaliatory misconduct ticket . . . Annabel's remaining claims are therefore unexhausted and subject to dismissal.").) The R&R acknowledged this by stating that "Defendants argue that they are entitled to summary judgment on all but one claim of a retaliatory misconduct ticket against Ream." (ECF No. 44, PageID.352.)

The R&R found that Plaintiff failed to exhaust his claims with respect to the other Defendants including Houser, Thomas, and Campbell. (*Id.* at PageID.365–367.) The R&R reasoned that

> [t]o the extent [Plaintiff] suggests that his naming of Ream, Evers, Campbell and/or Russell at Steps II or III exhausted his retaliation claims against them, such an assertion is misguided.
>
> Relevant here, Grievance Policy ¶ S provides that the "names of all those involved in the issue being grieved are to be included" when filing a "Step I grievance." (Grievance Policy, ¶ S). Looking at ARF-2470 and ARF-2531, it is undisputed that Annabel failed to name any defendants other than Bates and Messer, let alone allege any issue of retaliatory misconduct, at Step I of those grievances, which were rejected through all three steps on procedural grounds. Thus, the fact that Annabel subsequently named certain defendants in his Step II and III appeals is inadequate for

5

> proper exhaustion of new retaliation claims against those defendants, as the Grievance Policy required him to "name all those involved in the issue being grieved" at Step I. (Grievance Policy, ¶ S); *see Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) ("Under the Department of Corrections' procedural rules, inmates must include the '[] names of all those involved in the issue being grieved' ***in their initial grievance***.") (emphasis added); *Brown v. McCullick*, No.18-2226, 2019 WL 5436159, at *3 (6th Cir. 2019) (rejecting plaintiff's argument that "he named some of the defendants at step III of the grievance process" where he failed to name them "at step I of this grievance, [and thus] failed to exhaust his claims against them."). The same applies to Annabel's retaliation claims against Houser and Thomas, who were not named at all.
>
> While Annabel argues that he was "not aware" of certain defendants' retaliatory acts against First Amendment protected conduct until he received "false rejections" at Steps II and/or III, that is irrelevant as he was required to timely file a separate Step I grievance raising retaliation claims upon discovery of these alleged acts and specifically naming the individuals involved, as a violation of the Grievance Policy. (*See* Grievance Policy, ¶ K ("A grievant shall not be penalized in any way for filing a grievance . . . . Staff shall avoid any action that gives the appearance of reprisal for using the grievance process."). Because Annabel failed to do so, Defendants are entitled to summary judgment on these retaliation claims.

(*Id.* at PageID.366–367.) Based this analysis, the Court adopted the R&R's recommendation to grant Defendant's motion for partial summary judgment with respect to the retaliation claim against all Defendants

6

except Ream. (ECF No. 48, PageID.407–408, 412.) Thus, an explanation was provided as to why the free speech and retaliation claims were dismissed as to Houser, Thomas, and Campbell. Plaintiff is therefore incorrect that the Court did not provide reasoning for its decision on the retaliation claim. Plaintiff is not entitled to relief under Local Rule 7.1(h)(2) because he has not demonstrated that the Court made a mistake.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for relief from judgment (ECF No. 51) is DENIED.

IT IS SO ORDERED.

Dated: December 1, 2022   s/Judith E. Levy
 Ann Arbor, Michigan   JUDITH E. LEVY
            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2022.

            s/William Barkholz
            WILLIAM BARKHOLZ
            Case Manager