UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Annabel, II,

           Plaintiff,        Case No. 20-11114

v.                                    Judith E. Levy
                                    United States District Judge

Sherman Campbell, *et al.*,

                                    Mag. Judge David R. Grand

           Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF ROBERT
ANNABEL, II'S OBJECTIONS [78] AND ADOPTING IN PART
THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [77]**

*Pro se* Plaintiff Robert Annabel, II filed four objections to Magistrate Judge David R. Grand's Report and Recommendation ("R&R"). (ECF No. 77.) The R&R recommends that the Court (1) grant the motion for summary judgment filed by Defendants Sherman Campbell, Christian Bates, Stacey Ream, and Brian Evers (ECF No. 72), and (2) deny the motion for summary judgment filed by Plaintiff. (ECF No. 68.) Judge Grand issued the R&R on September 26, 2023. (ECF

77.) Plaintiff timely filed four objections to the R&R (ECF No. 78), and Defendants responded to those objections. (ECF No. 79.)

For the reasons set forth below, Plaintiff's objections are denied. The Court adopts in part the R&R (ECF No. 77), grants Defendants' summary judgment motion (ECF No. 72), and denies Plaintiff's summary judgment motion. (ECF No. 68.)

I. **Background**

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

II. **Legal Standard**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already

presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346. Because Plaintiff is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III. Analysis

As stated in the R&R, Plaintiff's "only remaining claims . . . are (1) his First Amendment free exercise and RLUIPA claims against

3

Defendants, and (2) his First Amendment retaliation claim against defendant Ream based on her issuance of an 'Insolence' misconduct report for protected speech." (ECF No. 77, PageID.921.) The R&R recommends that Defendants' motion for summary judgment be granted as to all claims. (*Id.* at PageID.923.)

## A.    Objection 1

Plaintiff first objects to the R&R's determination that he "failed to raise a material question of fact" that "his ability to observe the Sabbath day of rest" was substantially burdened in violation of RLUIPA and the First Amendment. (ECF No. 77, PageID.928.) In his objection, Plaintiff argues that the R&R "misrepresents the evidence on record to falsely hold that Plaintiff presented no evidence that he was forced to accept wages on the Sabbaths."[1] (ECF No. 78, PageID.937.) He states that his verified complaint is evidence as it "carrie[s] the same weight as an affidavit." (*Id.* at PageID.937–938.) According to Plaintiff, Defendants' sole piece of evidence, Michigan Department of Corrections ("MDOC") Policy 05.03.150 ¶ AA, should not be considered evidence because it does

---

[1] The "weekly Sabbath," according to Plaintiff's religious belief, takes place during "sundown Friday to sundown Saturday." (ECF No. 18, PageID.132.)

4

not prove that "the policy was applied on a particular occasion." (*Id.*) He notes that Defendants do not present declarations to the contrary, nor records on work or prisoner trust accounts. (*Id.*) Further, Plaintiff contends that there should not be an assumption that the policy was followed because officers violated policy when they excused him from Saturday work. (*Id.* at PageID.938–939.)

Plaintiff is correct that his verified amended complaint carries the same weight as an affidavit. Plaintiff's amended complaint states, "I, Robert Annabel, II, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing facts are true." (ECF No. 18, PageID.141.) The Court finds that this is properly verified under 28 U.S.C. § 1746 as it is declared to be true under penalty of perjury. *See Colston v. Bos. Mkt. Corp.*, No. 2:17-CV-11649, 2018 WL 1404417, at *6 (E.D. Mich. Feb. 14, 2018), *report and recommendation adopted*, No. 17-11649, 2018 WL 1397862 (E.D. Mich. Mar. 19, 2018) (describing requirements for affidavits and declarations).

Plaintiff is also correct that verified complaints carry "the same weight" as affidavits for the purposes of summary judgment. *El Bey v.*

5

*Roop*, 530 F.3d 407, 414 (6th Cir. 2008).[2] Plaintiff's verified amended complaint states that "he was forced to accept wages though he does not work on [the Sabbath]." (ECF No. 18, PageID.134.) As a result, the Court will not adopt the portion of the R&R stating that "Annabel presents no *evidence* demonstrating that he was actually paid for work that he admits he was excused from and had never performed." (ECF No. 77, PageID.928.)

Nonetheless, Plaintiff still fails to raise a material question of fact in response to Defendants' motion. In Plaintiff's deposition, he states, "I was also being forced to accept wages **without work or getting paid**

---

[2] Affidavits (or verified complaints) submitted for summary judgment purposes must comply with Federal Rule of Civil Procedure 56(c)(4), which states, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Although Plaintiff's verified amended complaint does not outright establish his personal knowledge (ECF No. 18, PageID.134), "personal knowledge may be inferred from the content of the statements or the context of the affidavit," especially when "a close relationship exists between the affiant and the subject." *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 470 (N.D. Ohio 2007). The Court assumes that Plaintiff would have personal knowledge of his prisoner account payments. Further, Defendants have not objected to the affidavit on this basis. *See* 10B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2738 (4th ed. 2023) ("[A] party must move to strike an affidavit that violates Rule 56(c)(4). The failure to do so will result in the waiver of the objection and, in the absence of a 'gross miscarriage of justice,' the court may consider the defective affidavit.").

**for it**. And you're not supposed to accept wages or do business on the Sabbath." (ECF No. 69-2, PageID.741 (emphasis added).) Plaintiff's contention that he was forced to accept wages is contradicted by his deposition testimony, where he states that he was not paid.

A party opposing summary judgment must make an affirmative showing that there is sufficient evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The only piece of evidence presented by Plaintiff on the issue of whether he was forced to accept wages on the Sabbath is his verified amended complaint. (ECF No. 18.) In light of Plaintiff's deposition testimony, Plaintiff has failed to establish an issue of material fact and Defendants' motion for summary judgment must be granted for this claim. *See, e.g.*, *Rizka v. State Farm Fire & Cas. Co.*, No. 13-CV-14870, 2015 WL 9314248, at *6 n.6 (E.D. Mich. Dec. 23, 2015), *aff'd*, 686 F. App'x 325 (6th Cir. 2017) (holding that plaintiff failed to create a material factual dispute when the affidavit "directly contradict[ed] [plaintiff's] later sworn deposition testimony"); *Regains v. Horrocks*, No. 2:21-CV-72, 2023 WL 5944249, at *4 (W.D. Mich. June 27, 2023), *report and recommendation adopted*, No. 2:21-CV-72, 2023 WL

5035122 (W.D. Mich. Aug. 8, 2023) ("When faced with a verified complaint that contradicts later deposition testimony, this Court credits the deposition testimony.").³

Finally, Plaintiff's argument that there is a "strong and reasonable inference" that MDOC Policy 05.03.150 ¶ AA was not followed in this instance is not convincing. (ECF No. 78, PageID.939.) When determining a summary judgment motion, the Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)). However, Plaintiff's own words

---

³ It is not clear if Plaintiff's deposition occurred before or after he drafted the verified amended complaint because it is not clear to the Court when Plaintiff's deposition took place. (*See, e.g.*, ECF Nos. 69-2; ECF No. 72-4 (Excerpts of Plaintiff's Deposition).) Plaintiff filed a motion to amend his complaint on February 12, 2021 (ECF No. 18), and it was granted on June 21, 2021. (ECF No. 33.) Because the Court's scheduling order was entered on October 12, 2022 (ECF No. 50), the Court assumes that the deposition took place after Plaintiff's verified amended complaint was submitted. However, even if the deposition took place before Plaintiff's verified amended complaint, the Court still credits the deposition testimony. *See, e.g., Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906 (6th Cir. 2006) ("[A] party cannot create a disputed issue of material fact by filing an affidavit that contradicts the party's earlier deposition testimony."). Moreover, Plaintiff's statement in his verified amended complaint does not say unequivocally that he was actually paid any wages for work he did not perform.

8

in his deposition testimony establish that he was not paid. (ECF No. 69-2, PageID.741.)

Thus, Plaintiff's first objection is denied.

### B. Objection II

Because Plaintiff is a *pro se* litigant, the Court construes his second objection as disputing the R&R's determination that Plaintiff's RLUIPA and First Amendment Free Exercise claims should be dismissed. The R&R states, "Annabel failed to raise a material question of fact that his merely being *scheduled* to work certain Saturday assignments meets the 'high' threshold of establishing that Defendants 'substantially burdened' his ability to observe the Sabbath day of rest." (ECF No. 77, PageID.928–929.)

Plaintiff argues that he "does not have to fully yield to substantial pressure by actually violating his religious beliefs to state a claim." (ECF No. 78, PageID.939.) Plaintiff believes that it is "sufficient that he was under the looming threat of disciplinary action placing substantial pressure on him to [violate his religious beliefs]." (*Id.* at PageID.939–940.) Citing *Thomas v. Review Board of Indiana Employment Security Division*, 450 U.S. 707 (1981), he states, "[t]he Supreme Court did not

9

hold as an element of a free exercise claim that a plaintiff must actually violate his belief." (ECF No. 78, PageID.939–940.)

There are three steps in a RLUIPA analysis. "[T]he inmate must demonstrate that he seeks to exercise religion out of a 'sincerely held religious belief,'" and "the inmate must show that the government 'substantially burdened that religious exercise.'" (ECF No. 77, PageID.925 (quoting *Calvin v. Mich. Dep't of Corr.*, 927 F.3d 455, 458 (6th Cir. 2019)).) If the inmate can satisfy these first two steps, "the burden shifts to the government to show that (1) the imposition of the substantial burden on an inmate's religious exercise was 'in furtherance of a compelling governmental interest,' and (2) it used 'the least restrictive means of furthering that compelling governmental interest.'" (*Id.* (quoting 42 U.S.C. § 2000cc-1(a)(1)–(2)).) Here, the R&R determined that Plaintiff did not present sufficient evidence of a substantial burden. (*Id.* at PageID.928.)

"The Government substantially burdens an exercise of religion under RLUIPA when it places substantial pressure on an adherent to modify his behavior and to violate his beliefs or effectively bars his sincere faith-based conduct." *Ackerman v. Washington*, 16 F.4th 170, 184

10

(6th Cir. 2021) (quoting *Fox v. Washington*, 949 F.3d 270, 278 (6th Cir. 2020)) (internal quotation marks omitted). Such violations occur when a prisoner is forced to choose between "'engaging in conduct that seriously violates his religious belief' or 'facing serious disciplinary action' or fines." *Id.* at 184 (quoting *Holt v. Hobbs*, 574 U.S. 352, 351). Further, the burden must be substantial; "[n]ot all government-imposed burdens satisfy the test." *Id.* at 185 (citing *Livingston Christian Sch. v. Genoa Charter Twp.*, 858 F.3d 996, 1003 (6th Cir. 2017)).

It is undisputed that Plaintiff "was never actually ordered or required to work on a single Saturday during the relevant period, and that each time, when he asked not to work on the Sabbath based on his religious beliefs, he was promptly excused with permission." (ECF No. 77, PageID.926.) Plaintiff maintains that he presented sufficient evidence of a substantial burden because he "was still at risk of disciplinary action if Defendants found out [that he was not working on Saturdays] or that officers might occasionally enforce Defendants['] application of policy." (ECF No. 78, PageID.940.) Plaintiff argues that he was "under the looming threat of disciplinary action" (*id.*), even though it is undisputed that he never was reprimanded or threatened with

punishment. (ECF No. 77, PageID.927.) Further, Plaintiff claims that Defendants "plainly declare that there would be no work exceptions for Plaintiff's religious beliefs had they known that non-defendants were [excusing him from work on Saturdays]." (*Id.* at PageID.941.)

After a careful review, the Court has not found any support for the premise that excusals without reprimands or threats of punishment are considered a "substantial burden" on one's religious beliefs. (*See* ECF No. 78, PageID.939–941.) Plaintiff has not presented any case law demonstrating such a view.

Plaintiff's reliance on *Thomas* is not convincing. While it is true that the plaintiff in *Thomas* never engaged in conduct that violated his religious beliefs, unlike Annabel, he was punished for refusing to do so. *Thomas*, 450 U.S. at 710 (describing review board's finding that the plaintiff was not entitled to benefits). Here, there is no evidence that Annabel was punished or threatened with punishment.[4] As stated in the

---

[4] Plaintiff also states that "Defendants have admitted at the summary judgment stage and during discovery that it was their intent to apply MDOC in such a way as to threaten Plaintiff to substantial disciplinary action had they known that he was refusing to work on the Sabbath as scheduled." (ECF No. 78, PageID.940.) Plaintiff does not point to evidence in the record to support this statement. Further, even if Defendants had admitted this, Plaintiff's objection must still be denied because Plaintiff has not shown a substantial burden on his faith.

12

R&R, Plaintiff "was never actually *ordered* to work on Saturdays," and he presented no evidence that "he was ever actually reprimanded to any extent, or actually threatened with a misconduct ticket, for not working on the Sabbath." (ECF No. 77, PageID.928.)

Thus, Plaintiff's second objection is denied.

### C. Objection III

In Plaintiff's third objection, he argues that "Defendants were personally involved in continuing violations of Plaintiff's religious rights." (ECF No. 78, PageID.941.) Plaintiff appears to object to the R&R's third footnote, which states that "aside from defendant Bates who was responsible for assigning Annabel to work on Saturdays, Annabel failed to present evidence that the remaining Defendants were directly involved in managing his work assignments." (ECF No. 77, PageID.929 n.3.) The R&R concludes that "Annabel's RLUIPA and Free Exercise claims against Defendants other than Bates would also fail as a matter of law in this regard." (*Id.* at PageID.929–930 n.3.)

Plaintiff's third objection is denied because the section of the R&R objected to is not "dispositive and contentious." *Miller*, 50 F.3d at 380 (6th Cir. 1995) (citing *Howard*, 932 F.2d at 505). Even if Plaintiff's objection

13

was correct, his RLUIPA and Free Exercise claims against Defendants Campbell, Ream, and Evers still fail for the reasons set forth in the R&R and in this Order. (ECF No. 77, PageID.924–929.)

Plaintiff's third objection is denied.

### D. Objection IV

In Plaintiff's fourth objection, he discusses the R&R's recommendation that Defendants' motion for summary judgment be granted as to Plaintiff's First Amendment retaliation claim. He maintains that he "engaged in protected conduct by honestly complainting [sic] that Defendant Ream is 'a very corrupt defendant.'" (ECF No. 78, PageID.945.) He objects that the R&R's "reliance on *Lockett* [*v. Suardini*, 525 F.3d 866 (6th Cir. 2008)] is misplaced" because of differences in fact (ECF No. 78, PageID.946), and reiterates that the Court should follow the reasonings in *Wilson v. Greetan*, 571 F. Supp. 2d 948 (W.D. Wis. 2007), and *Brown v. Crowley*, 312 F.3d 782 (6th Cir. 2002). (ECF No. 78, PageID.945–946.) Plaintiff also believes that the "public-concern" test should be applied here and that the R&R "failed to consider the truthfulness of Plaintiff's statement that Ream was corrupt." (*Id.* at PageID.946.) Finally, Plaintiff writes,

14

> The R&R speculates that it was not Plaintiff's intent that his statement that Ream was being sued for her corruption was not intended to deter Ream's corruption. The evidence also does not support that Ream did not have a retaliatory motive, as Plaintiff's truthful statement was not insolent.

(*Id.* at PageID.946–947.)

As detailed in the R&R, the "prima facie case for First Amendment retaliation involves three elements: '(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.'" (ECF No. 77, PageID.930 (quoting *Thaddeux-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).) The R&R determined that Plaintiff's claim fails at the first element, as "his comment to Ream was not protected conduct under *Thaddeus-X*." (*Id.* at PageID.933.) Further, the R&R found that Plaintiff had not overcome Defendant's qualified immunity defense, as Plaintiff "fails to point to any clearly established holding of the Supreme Court or Sixth Circuit recognizing that a prisoner calling an officer a derogatory name is protected conduct, such that the officer's subsequent issuance of an

15

'Insolence' misconduct report as defined under policy would clearly constitute an unlawful act of retaliation violating the First Amendment." (*Id.* at PageID.935.)

Plaintiff's objection does not address the core of the R&R's reasoning: that "defendant Ream is entitled to qualified immunity on Annabel's retaliatory misconduct claim against her." (*Id.*) When applied, qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). If the defendant raises the affirmative defense of qualified immunity, it is then the plaintiff's burden to show that the defendant is not entitled to a qualified immunity defense. *Guertin v. State*, 912 F.3d 907, 917 (6th Cir. 2019).

To meet this burden, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Both factors must be satisfied for a court to find that the defendant is not entitled to qualified

immunity. *See Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). "Plaintiffs must generally identify a case with a fact pattern similar enough to have given 'fair and clear warning to officers' about what the law requires." *Guertin*, 912 F.3d at 932. Usually, the right must be clearly established by existing Supreme Court or Sixth Circuit precedent. *Id.* ("[T]here must either be 'controlling authority or a robust consensus of cases of persuasive authority.'" (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 780 (2014))).

Even if Plaintiff's constitutional rights were violated, he has not shown any evidence that these rights were clearly established at the time of the violation. Plaintiff's argument that the Court should rely on *Brown* and *Wilson* is not convincing.[5] *Wilson*, which is "an out-of-circuit district court case," has no precedential authority over the Court and could not put Defendant on notice that her conduct violated a constitutional right. (ECF No. 77, PageID.934 (citing *Wilson*, 571 F. Supp. 3d 948).) Additionally, *Brown* is inapplicable here; the court in *Brown* did not

---

[5] To the extent that Plaintiff argues that the Court should follow the holdings in *See v. City of Elyria*, 502 F.3d 484 (6th Cir. 2007), and *Mayhew v. Town of Smyrna*, 856 F.3d 456 (6th Cir. 2017), his argument is denied. Neither case involves prisoners and cannot demonstrate a violation of clearly established law because they are not sufficiently similar.

conduct this analysis because the parties agreed that the plaintiff engaged in protected conduct. *Brown*, 312 F.3d at 789. Here, however, Defendant argues that Plaintiff has not established the first element of a retaliation claim because his kite to Ream was not protected conduct.

The Court finds that the R&R's reliance on *Lockett* was correct. The Court agrees with Plaintiff that his statement, "You are a very corrupt defendant," (ECF No. 68, PageID.598), does not contain profanities as the statement in *Lockett* did. (ECF No. 78, PageID.945.) However, *Lockett*'s holding is still applicable here: that "a prisoner who violates a legitimate prison regulation is not engaged in protected conduct." (ECF No. 77, PageID.932 (citing *Lockett*, 526 F.3d 866).) To the extent that Plaintiff argues that the public concern test should be applied, his argument is rejected. (*See* ECF No. 78, PageID.946.) *Lockett* "declined to address the 'open question' of whether the public-concern test applied to prisoner speech." (ECF No. 77, PageID.935 (citing *Lockett*, 526 F.3d at 874).) Thus, Plaintiff has not overcome Defendant's qualified immunity defense.

Plaintiff attempts to demonstrate that his kite to Defendant Ream was protected conduct because it was truthful and cites *Brown v. Crowley*. (ECF No. 78, PageID.946.) As stated before, *Brown v. Crowley*

18

is inapplicable here, as the parties in that case agreed that the grievance was non-frivolous, and that the plaintiff had engaged in protected conduct. *Brown*, 312 F.3d at 789. Here, the parties are not in agreement. Though Plaintiff states that "[t]here is evidence on record that [Defendant Ream] had falsely rejected Plaintiff's grievances and had an astronomical rejection rate of prisoners' grievances as a whole," he has not shown where such evidence is located. (ECF No. 78, PageID.946.) On the contrary, Defendant Ream provided an affidavit detailing the legitimate reasons she issued this misconduct report for "Insolence" and Plaintiff has not provided any evidence to the contrary.[6] (See ECF No. 77, PageID.931 n.4.)

    Thus, Plaintiff's fourth objection is denied.

---

[6] Plaintiff's verified complaint carries the same weight as an affidavit. *El Bey*, 530 F.3d at 414. However, "[c]onclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009). Plaintiff's verified complaint only offers conclusory statements about the truth of his statement, Ream's motivations, and his statement as protected speech. (*See, e.g.*, ECF No. 18, PageID.135 ("Plaintiff complained in a kite to Defendant Ream: 'You are a very corrupt defendant.' This is a true statement of both Campbell and Ream as protected speech that placed them on notice that Ream was also being sued.").) Thus, Plaintiff has not offered any evidence to the contrary.

19

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendants' motion for summary judgment. (ECF No. 72.) Plaintiff's motion for summary judgment (ECF No. 68) is DENIED. The R&R (ECF No. 77) is ADOPTED IN PART.

IT IS SO ORDERED.

Dated: March 4, 2024       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 4, 2024.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager